IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NOEMI IRIZARRY, O/B/O A.A.
A MINOR**,                                              Case No. 1:12 CV 3081

        Plaintiff,

                                    Judge Christopher A. Boyko

        v.

                                    REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL**        Magistrate Judge James R. Knepp II
**SECURITY,**

        Defendant.

## INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d)(1)(A). (Doc. 21). The acting Commissioner of Social Security ("Commissioner") objected to Plaintiff's application for attorney's fees. (Doc. 24). For the reasons discussed below, the undersigned recommends the application be approved.

## PROCEDURAL BACKGROUND

Prior to this motion, Plaintiff Noemi Irizarry ("Plaintiff") filed for child's Supplemental Security Income ("SSI") on behalf of A.A., her minor son, alleging disability due to hearing difficulty, behavioral issues, and sleep apnea. (Tr. 40). Her claim was denied initially and on reconsideration. (Tr. 37, 46). An administrative law judge ("ALJ") held a hearing at Plaintiff's request (Tr. 62), after which the ALJ decided A.A. was not disabled (Tr. 12-25). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the hearing decision the final decision of the Commissioner. (Tr. 4); 20 C.F.R. §§ 416.1455, 416.1481.

On December 20, 2012, Plaintiff filed an action in the United States District Court seeking review of the final decision denying benefits. (Doc. 1). On December 13, 2013, the undersigned issued a report and recommendation recommending the Court affirm the Commissioner's decision denying benefits. (Doc. 16). Plaintiff objected to the report and recommendation on five separate grounds and the Commissioner responded. (Docs. 17, 18). On January 17, 2014, the District Court overruled four of Plaintiff's five objections and remanded the case to the Commissioner to clarify what weight the ALJ gave the treating psychiatrists' opinions. (Doc. 19).

### THE EQUAL ACCESS TO JUSTICE ACT

Under normal circumstances, each party is responsible for its own legal fees. *Scarborough v. Principi,* 541 U.S. 401, 404 (2004). However, because paying for one's own legal fees can make litigation cost prohibitive, the EAJA exists to encourage lay people to seek review of unreasonable government action without the fear of the substantial cost that litigation can entail. The EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case it is undisputed that Plaintiff is a prevailing party. Plaintiff's case was remanded under sentence four of U.S.C. § 405(g). A remand under sentence four makes Plaintiff a prevailing party for the purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 293, 301 (1993). Neither side contends that special circumstances make an award unjust. As such, Plaintiff will be

entitled to attorney's fees and additional expenses if the government's position was not substantially justified.

### *Substantial Justification*

Substantial justification is defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person . . . no different from the 'reasonable basis in law and fact' formulation". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Similarly, the Sixth Circuit in *Noble v. Barnhart* said a position is substantially justified if "a reasonable person could think it correct." *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007). The government's "position" comprehends both the underlying action and the government's litigation position. *Delta Eng'g v. United States,* 41 F.3d 259, 261 (6th Cir. 1994). The burden of showing substantial justification rests upon the agency. *Scarborough*, 541 U.S. at 414.

In passing the EAJA, Congress had no intention of creating a presumption of insubstantial justification simply because the government did not prevail on a particular issue. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A position can be justified even if it is not correct. *U.S. v. Real Property at 2323 Charms Road, Milford Twp., Oakland Cnty., Michigan,* 946 F.2d 437, 440 (6th Cir. 1991). Thus, the fact that one of Plaintiff's five objections was remanded by the District Court establishes her as a prevailing party but it does not immediately establish that the government's position was unjustified. Rather, Plaintiff claims that the ALJ's failure to properly evaluate the treating physician's opinions makes the ALJ's ultimate decision unreasonable and, in the parlance of the EAJA, unjustified.

Under the treating physician rule, a treating physician's opinion is given "controlling weight" if it is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Rogers v. Comm'r of*

3

*Soc. Sec*., 486 F.3d 234, 242 (6th Cir. 2007). The ALJ must give "good reasons" for the weight given to a treating physician's opinion. *Id.* A failure to follow this procedural requirement "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Id.* at 243. Accordingly, failure to give good reasons requires remand. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409-410 (6th Cir. 2009). This requirement helps explain the outcome to a claimant and affords federal courts a meaningful review of all necessary medical information. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Furthermore, it acts as a procedural safeguard which ensures an ALJ's decision has sufficient explanation for rejecting a particular opinion.

In his decision, the District Judge found the ALJ did not assign Dr. Jackosky's opinions weight. (Doc. 19, at 9-11). Although in limited circumstances, the failure to properly assign weight to a treating physician's opinion can be excused as harmless error, the Court concluded that the exception did not apply because the ALJ entirely failed to mention the treating physician's opinions, instead referencing them only by exhibit number. (Doc. 19, at 9-10); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 750 (6th Cir. 2007).

The Commissioner contends that the ALJ's error was one of articulation, relying on the Court's instruction to remand so the ALJ may "clarify what weight the ALJ gave the treating psychiatrists' opinions." (Doc. 24, at 6). It is true that where remand is based solely on an ALJ's failure to describe his findings accurately, the government's position is usually found substantially justified. *See, e.g., Hoffman v. Commissioner of Social Security*, 2012 WL 3758657 (N.D. Ohio) (the court denied Plaintiff's application for EAJA fees because the ALJ referenced the doctor's reports, rejected conclusions made therein, and only "failed to explain the weight given to the opinions of his treating physician."); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748

F.3d 723 (6th Cir. 2014) (denying EAJA application because "the fatal flaw in the ALJ's opinion [wa]s not in the weight he found was appropriate for the various medical opinions, but rather in his failure to explain his findings adequately") (quoting the district court's decision)); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997) (denying EAJA application where the ALJ did not provide good reasons for the weight given to a treating physician, but his reasons were adequately explained by other facts in the record).

However, where the ALJ entirely failed to assign weight to a treating physician's opinion or provided perfunctory reasons for weight assigned, courts have found the Commissioner was not substantially justified in defending the ALJ's decision because it was in direct violation of the agency's own regulations. For example, in *Coy v. Astrue*, following the court's remand to the agency, the court awarded EAJA fees because the ALJ referenced the treating physician's opinions only by exhibit number and did not provide good reasons for the weight assigned. 2013 WL 1411137, at *2-3 (N.D. Ohio) ("the only 'reasons' given by the ALJ for rejecting [the treating physician's] opinions were so conclusory and perfunctory as to be the equivalent of giving no reason at all").

In *Rego v. Comm'r of Soc. Sec.*, the court remanded over the magistrate judge's recommendation because the ALJ entirely failed to assign weight to a treating physician's opinion. 2013 WL 1181443 (N.D. Ohio). Following remand, Plaintiff's counsel moved for an award of EAJA fees. *Id.* The court explicitly rejected the Commissioner's attempt to classify the ALJ's failure to assign weight as an "articulation" error and awarded fees because remand was based on a denial of substantive rights and the failure to properly apply the treating physician rule. 2014 WL 825219, at *2 (N.D. Ohio); *see also Jeffries v. Comm'r of Soc. Sec.*, 2014 WL

5

1394411, at *3 (N.D. Ohio) (awarding fees where the ALJ failed to adhere to its own procedural rules and rejecting the Commissioner's argument that such failure is a mere articulation error).

Here, like in *Rego*, the ALJ did not assign weight to the treating physician's opinions. Moreover, like in *Coy*, the ALJ only referenced the opinions by exhibit number. It is clear from the District Court's decision that the ALJ directly violated the treating physician rule as opposed to failing to adequately explain his findings. Therefore, the undersigned finds the ALJ's treatment of Dr. Jackovsky's opinions and the Commissioner's position in defending the ALJ's analysis in that regard did not have a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 563. For these reasons, the undersigned recommends the Court grant Plaintiff's application for EAJA fees.

### *Amount of Fees and Payment*

The EAJA provides that the attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate for calculating attorney fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). "In requesting an increase in the hourly-fee rate [under the EAJA], Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898).

Plaintiff seeks an award at a rate of $187 per hour for attorney time. (Doc. 21). In support, Plaintiff's counsel submitted the following: his attorney time schedule (Ex. 1, Doc. 21); an explanation of the effect of inflation on the hourly rate limit (Ex. 3, Doc. 21); the sworn statements of local practicing social security attorneys describing their experience and indicating that the rates sought are in line with prevailing local rates for lawyers of comparable skill, experience, and reputation (Exs. 4, 5, Doc. 21); the declaration of a local attorney saying he requests EAJA fees of $125 per hour for expediency and to avoid further  litigation – not because he believes it to be the prevailing market rate (Ex. 6, Doc. 21);  Plaintiff's counsel's affidavit setting forth his experience and history of being awarded fees in excess of $125 per hour (Ex. 7, Doc. 21); an Ohio State Bar Association survey (Ex. 8, Doc. 21); a Law Office Economics Survey (Ex. 9, Doc. 21); and national Consumer Price Index ("CPI") data for Legal services (Ex. 11, Doc. 21).

Decisions to adjust the hourly rate based on increases in the cost of living are left to the discretion of the district court. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Defendant has not objected to the requested increase and courts in the Northern District of Ohio have repeatedly found evidence similar to that submitted by Plaintiff is sufficient to support a cost of living increase. *See, e.g., Killings v. Colvin*, 2013 WL 1455818, at *5 (N.D. Ohio) (collecting cases); *Napper v. Comm'r of Soc. Sec.*, 2014 WL 3955234, at *1 (N.D. Ohio) (affirming, over the Commissioner's objection, Plaintiff's request for an hourly rate of $187.00); *but see, Smith v. Comm'r of Soc. Sec.*, 2014 WL 4675044 (N.D. Ohio) (reducing awarded EAJA fee rate to $177.38/hour based on the Cleveland-Akron CPI rather than $183/hour, which is computed using the Midwest Urban CPI). As such, the undersigned recommends the Court find

7

Plaintiff's requested rate of $187 per hour reasonable, and award him $6,881.60 for 36.8 hours of

work at that rate.[1]

Plaintiff also seeks an award of $50 per hour for appellant assistant fees. (Doc. 21, at 9).

In support, he provided Bureau of Labor Statistics data showing increases in clerical wages in

Cleveland (Ex. 10, Doc. 21) and relies on cases wherein the Commissioner has agreed to this

rate. (*Id*.).

Legal assistant fees may be awarded if they are reasonable. *Kling v. Sec'y of Health &

Human Servs.*, 790 F.Supp. 145, 152 (N.D. Ohio 1992). However, "purely clerical or secretarial

tasks should not be billed". *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

"Notwithstanding the prohibition against compensation for secretarial or overhead costs, work

done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if

the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Snyder v.

Comm'r of Soc. Sec.*, 2011 WL 66458 (S.D. Ohio).

Here, Plaintiff's appellate assistant called Plaintiff; prepared and sent the *in forma

pauperis* application; prepared and filed the complaint; and reviewed, bookmarked, and outlined

the transcript. (Ex. 2, Doc. 21). This is work traditionally performed by attorneys, thus, Plaintiff

should be granted fees.

Regarding the requested rate of $50/hour, on one hand, the undersigned hesitates to

reduce the requested award, especially given the fact the Commissioner has not objected to the

amount. However, this District has previously rejected requests for a $50 hourly rate, even where

supported by the Bureau of Labor Statistics. *Killings*, 2014 WL 395234, at *7 (citing *Mohr v.

---

1. The Court has reviewed the hours expended by Plaintiff's attorney and finds them to be
reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It
is the opinion of this Court that the average number of hours for an attorney to work on a social
security case ranges from 30 to 40 hours."). Defendant has not argued otherwise.

*Comm'r of Sec. Sec.*, 2013 WL 557176, at *5 (N.D. Ohio)). Instead, the Court is apt to award appellant assistant fees of $40 per hour. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 805 (N.D. Ohio 2013) (collecting cases awarding this particular administrative assistant fees at a rate of $40/hour). Accordingly, consistent with relevant authority, the undersigned recommends the Court grant Plaintiff an award of $184 in fees for 4.6 hours of work performed by Plaintiff's appellate assistant at a rate of $40 per hour.

Next, regarding work performed preparing the Reply brief, Plaintiff requests a supplemental award at the hourly rate of $187 per hour for nine hours of work. (Doc. 25, at 8-9).

Congress intended the EAJA to cover the cost of all phases of litigation, including attorney's fee disputes. *Comm'r , I.N.S. v. Jean*, 496 U.S. 154, 162-66 (1990). Courts in this District have previously awarded fees incurred in preparation of a supplemental EAJA reply brief at comparable rates and amounts as those sought by Plaintiff. *Baker v. Colvin*, 2013 WL 1284108, at *3 (N.D. Ohio) (awarding an additional 6.5 hours of attorney fees at a rate of $180.54); *Gunther.*, 937 F. Supp. 2d at 805-06 (awarding an additional 7.9 hours of attorney time at a rate of $185.42). However, Courts have reduced the requested supplemental fee amount where the number of hours is out of proportion to the time spent preparing the initial EAJA application and the arguments and materials submitted in support were not new to Plaintiff's counsel. *Killings*, 2013 WL 1455818, at *8-9 (Denying supplemental award where the issue of hourly rate and evidence necessary to support a cost of living increase is "not new to Counsel, as he has frequently litigated the issue of hourly rate in this Court"); *see also English v. Comm'r of Soc. Sec.*, (N.D. Ohio) (collecting cases).

Here, Plaintiff spent 1.8 hours preparing his EAJA application (Ex. 1, Doc. 21), which is a fraction of the nine hours spent preparing the Reply. But, the Reply in this case was aimed at

9

the Commissioner's only argument on the issue of substantial justification – not the reasonableness of the fee requested. Indeed, upon review of Plaintiff's ten-page Reply, the undersigned finds it is tailored to the Commissioner's specific assertions. Moreover, although in his initial Motion Plaintiff discussed substantial justification, he devoted a greater amount of time and space addressing the reasonableness of hours worked in attorney time and appellant assistant time and arguing for a cost of living increase. But, the Commissioner's objection was responsive to only the issue of substantial justification. Consequently, in his Reply, Plaintiff appropriately distinguished authority and directed the Court to law in support. Again, the Commissioner has not objected to the supplemental award request. Accordingly, the undersigned recommends affirming Plaintiff's request for an award of $1,683.00 for nine hours of work on June 2, 2014 at a rate of $187.

The Supreme Court held that an EAJA award is properly payable to Plaintiff, not Plaintiff's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592-593 (2010). In *Ratliff*, the Supreme Court held that the plain text of the EAJA requires payment of an award of attorney fees to the plaintiff rather than her attorney. *Id.* The Court explained that the fact that the plaintiff's "attorney may have a beneficial interest or contractual right" to the fees does not mean the statute provides for direct payment. *Id*. Therefore, the Court held, the award is payable to the plaintiff and is "subject . . . to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 593.

Here, Plaintiff's attorney consents to having the EAJA award paid directly to Plaintiff, "because of the unlikely possibility that [P]laintiff owes a federally-collectable debt." (Doc. 21, at 9-10). Therefore, the award should be made payable to Plaintiff after the agency determines there is no debt offset.

### CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned recommends the Court grant Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act in the requested amount of $8,748.60[2] payable to Plaintiff. (Doc. 21).

 s/James R. Knepp, II
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

2. Or, 36.8 hours attorney time at $187/hour, plus 9 hours supplemental attorney time at $187/hour, plus 4.6 hours appellant assistant time at $40/hour.